|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| I Q TECHNOLOGIES, INC., | Case No. 2:16-cv-00240-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO TRANSFER CASE** |
| HEALTHMATE INTERNATIONAL, LLC and ERISONIC INNOVATION TECHNOLOGY, LLC, | (ECF No. 9) |
| Defendants. | |

Plaintiff I Q Technologies, Inc. and defendants Healthmate International, LLC and Erisonic Innovation Technology, LLC sell massager products. The plaintiff alleges that the defendants complained to Groupon falsely claiming that the plaintiff's products violate the defendant's copyrights. As a result, Groupon refused to allow the plaintiff to sell its products through Groupon. The defendants move to dismiss or to transfer this lawsuit based on improper venue. Because this court lacks personal jurisdiction over the defendants, I grant the motion to transfer the case to the Western District of Missouri.

Under 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of § 1391(b)(1), entities like the defendants reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

1 | Venue is not proper here under § 1391(b)(1) because neither of the defendants resides here. The defendants' residence for venue purposes is tied to whether this court can exercise jurisdiction over them in this action. The plaintiff has not met its prima facie burden of showing general personal jurisdiction exists because the mere fact that the defendants may have sold products in Nevada is insufficient to support general jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 757 (2014) (stating that placing products into the stream of commerce that ultimately end up in the forum state does not support general jurisdiction). Rather, the defendants must be "essentially at home" in Nevada. *Id.* at 754. For entities like the defendants, that usually, though not exclusively, will mean the place of incorporation or formation and the principal place of business. *Id.* at 760. But "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping." *Id.* at 760-61. The plaintiff asserts general jurisdiction based on the unsupported allegation that the defendants sell a lot of products in Nevada and once attended an expo here. Even if true, that is insufficient to establish the defendants are essentially at home in Nevada.

Additionally, venue is not proper in this district under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims did not occur in Nevada. The complaint alleges the defendants submitted an online complaint to Groupon. The complaint alleges the defendants are Missouri limited liability companies with their principal places of business in Kansas City, Missouri. ECF No. 1 at 1. The parties agree that non-party Groupon is located in Illinois. Thus, the events giving rise to the claims occurred in Missouri (where the defendants were located when they complained to Groupon) and in Illinois (where Groupon received the complaint and then refused to allow the plaintiffs to sell their products through Groupon). But nothing happened in Nevada except that the plaintiff is located here.

The plaintiff also has not met its prima facie burden of showing specific personal jurisdiction exists. The Supreme Court has rejected the proposition that a defendant's out-of-forum conduct that results in harm to a forum resident suffices to support specific personal

jurisdiction. *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). The plaintiff's reliance on the theory that the defendants' conduct in Missouri resulted in harm to the plaintiff in Nevada is therefore misplaced. Nor do the defendants' alleged in-forum sales support specific jurisdiction because the plaintiff does not allege its injuries arise out of or relate to any of those sales. *Daimler AG*, 134 S. Ct. at 754 (stating that specific jurisdiction exists when lawsuit "aris[es] out of or relate[s] to the defendant's contacts with the forum"). Rather, the lawsuit arises from and relates to the alleged improper copyright complaint the defendants submitted to Groupon.

Because I lack jurisdiction in this matter, I will transfer the action to the Western District of Missouri. *See* 28 U.S.C. § 1631. The action could have been brought there originally because that court has subject matter jurisdiction based on the copyright claim, both defendants concede they are subject to personal jurisdiction in Missouri, and venue is proper because both defendants reside there and a substantial part of the events occurred there. Additionally, the interests of justice favor transfer so that the pending motion for injunctive relief may be more expeditiously addressed by the transferee court if the case is transferred rather than dismissed.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss or transfer venue **(ECF No. 9) is GRANTED**.

IT IS FURTHER ORDERED that the preliminary injunction evidentiary hearing set for May 9, 2016 is **VACATED**.

IT IS FURTHER ORDERED that this case is transferred to the United States District Court for the Western District of Missouri.

DATED this 27th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Case 4:16-cv-00370-DW   Document 22   Filed 04/27/16   Page 3 of 3
Page 3 of 3